UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, # 186788, *aka Charles Willis Lamb*, | ) C/A No. 8:09-1903-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Owner Kirkland Correctional Institution Medical Agency, | ) |
| Defendant. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). He is serving an eight-year sentence for indecent exposure. His conviction was entered in the Court of General Sessions for Richland County.

In the above-captioned case, the plaintiff has brought suit against the "Owner" of the Kirkland Correctional Institution Medical Agency. In his answers on page 2 of the complaint, the plaintiff indicates that he is seeking "Three (300) hundred Trillion Thousand Dollars" in this case. The plaintiff alleges that the "Owner" of the Kirkland Correctional Institution Medical Agency refused to send him to see an outside physician at "Doctor Care Medical Agency" for his injured hand. Part V of the complaint is left blank, except for the plaintiff's signature and the date of signing. The plaintiff's answers on page 2 of the

1

complaint reveal that he has not filed a grievance relating to his medical care claims in this case.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In any event, the allegations relating to the treatment for the hand injury do not show deliberate indifference. With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), which was a *Bivens* action, does not require that process be issued in the above-captioned case because the allegations in the complaint concern negligence or medical malpractice. Negligent or incorrect medical treatment is not actionable under 42

3

U.S.C. § 1983 or the *Bivens* doctrine.[3] *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also Dalton v. City of Wilmington*,

---

[3]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Civ. No. 08-581-SLR, 2008 U.S. Dist. LEXIS 83812, 2008 WL 4642935 (D. Del., Oct. 20, 2008) ("The negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).");[4] and *Robbins v. Sweeney*, No. 94-1789 and No. 94-2206, 1994 U.S.Dist. LEXIS 15874, *11, 1994 WL 618488, *2 (E.D. Pa., Nov. 2, 1994) ("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329-30 & n. 2 (S.D. Ga. 1994) (collecting cases).[5] As a result, although the plaintiff would prefer to have been evaluated by an outside physician, he is not entitled to examination by an outside physician. *See Jackson v. Fair*, 846 F.2d at 817. Moreover, the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. at 105, is controlling in the above-captioned case.

---

[4]There is a discrepancy between the LEXIS and WESTLAW services as to the date of the decision in *Dalton v. City of Wilmington*. The WESTLAW services lists the date as October 20, 2008, while the LEXIS service indicates that the date is October 18, 2008. This discrepancy results from the fact that the WESTLAW service uses the "ENTERED" date and the LEXIS service uses the "FILED" date.

[5]As earlier stated, the plaintiff's answers on page 2 of the complaint show that he did not file a grievance with respect to his medical care claims in this case. Although *Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), and cases such as *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005) ("an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant"), have restricted a district court's ability, upon initial review, to dismiss civil rights actions for failure to exhaust prison or jail remedies, it should be noted that *Jones v. Bock* concerned "mixed" civil rights claims. In other words, *Jones v. Bock* was a case which contained both exhausted and non-exhausted civil rights claims. In the above-captioned case, none of the claims are exhausted.

It can be judicially noticed that the "Owner" of the Medical Agency of the Kirkland Correctional Institution is the South Carolina Department of Corrections. The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The above-captioned case is at least the third case filed by the plaintiff concerning the medical treatment for his broken hand when he was at the Kirkland Correctional Institution. *See* Complaint filed in *Charles Lamb v. Mrs. Ruefly Landon, X-Ray Nurse, Kirkland Correctional Institution Medical Staff*, Civil Action No. 8:09-0477-CMC-BHH. In a Report and Recommendation filed in Civil Action No. 8:09-0477-CMC-BHH on March 11, 2009, the undersigned recommended summary dismissal of the complaint because the allegations did not show deliberate indifference. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On April 9, 2009, the

Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation.

In *Charles Lamb v. X-Ray Nurse, Kirkland Correctional Institution Medical Staff*, Civil Action No. 8:09-1655-CMC-BHH, the plaintiff on June 23, 2009, brought a second civil rights action concerning treatment for his injured hand. In a Report and Recommendation filed in Civil Action No. 8:09-1655-CMC-BHH on June 24, 2009, the undersigned recommended that the complaint be dismissed *without prejudice*. The plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed. On July 15, 2009, Judge Currie adopted the Report and Recommendation.

This court may take judicial notice of Civil Action No. 8:09-0477-CMC-BHH and Civil Action No. 8:09-1655-CMC-BHH. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal for the same reasons that Civil Action No. 8:09-0477-CMC-BHH and Civil Action No. 8:09-1655-CMC-BHH were subject to summary dismissal: no deliberate indifference has been alleged. *See Aloe*

*Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                                       s/Bruce Howe Hendricks
                                                     United States Magistrate Judge

July 22, 2009
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).